In the Matter of the Estate of SAMUEL LYTELL, Deceased.

Surrogate's Court, New York County, May 28, 1942.

*Patterson & Brinckerhoff*, for the petitioner.

*Smith & Stanley*, for the administrators of the estate of Annie L. Rea, deceased, respondents.

*Kenneth J. Mullane*, for Margaret Maxwell Kennedy, respondent.

*Patterson & Christ [L. Kingsley Smith & Albert S. DeClue* of counsel], for Loretta S. Westerfield, respondent.

*Walter J. Sharkey*, for Alfred J. Kennedy, public administrator of Queens county, administrator of the estate of Agnes L. Lytell deceased, respondent.

*Lester C. Gelinas*, for Richard Leslie Williamson, etc., respondent.

FOLEY, S.   The petitioning trustee in this accounting proceeding prays that the will of the testator be construed to determine to whom the principal of the trust accounted for shall be distributed.   Under article second of the will the testator gave his residuary estate to his executors and trustees, in trust, to pay the income to his wife, Annie Lytell, and his daughter, Agnes L. Lytell, in equal shares so long as they should live, and upon the death of either of them, to pay over to the survivor during the survivor's life the whole of the income.   Upon the death of the survivor, he directed that the principal be paid to the issue, if any, of his daughter.   He then provided as follows:

" Should my said daughter survive my said wife and die without leaving any issue, I will and direct that she shall have the right and power to dispose of and distribute the said principal sum in such manner and on such terms and conditions as she shall see fit by her Last Will and Testament or by any other instrument of like nature.

" In the event that my said daughter shall not survive my said wife and shall die without leaving issue or shall not have disposed of the said principal fund as above provided, I direct that upon the death of my said wife, the said principal fund shall be divided among the issue of my brothers and sisters *per stirpes* and not *per capita.*

The widow and the daughter of the testator both survived him. The widow died intestate on February 14, 1931.   The daughter died on August 31, 1941, intestate, without issue and without exercising her right of appointment of the principal of the trust. Upon her death the trust terminated.

As to the disposition of the remainder, to take effect upon the happening of three contingencies, none of which has occurred, there is no dispute.   These contingencies are: (1) the death of the daughter before or after the wife, leaving issue; (2) the death of the daughter before the wife, leaving no issue; and (3) the death of the daughter after the wife, leaving no issue, but exercising the power of appointment.

Dispute has arisen, however, as to whether the testator has provided for the contingency which has actually occurred, that is, the death of the daughter after the wife without issue and without having exercised her right of disposition under the will. Because of the happening of this contingency the question is presented as to whether the remainder is distributable to the issue of the brothers and sisters of the testator, or whether it passes as intestate property.

I hold that despite the inept phrasing, the testator's intention to divide the remainder among the issue of his brothers and sisters in the present situation is plainly discernible from the language of the will. Any other determination would clearly destroy the testator's testamentary plan and would necessitate the rejection as surplusage of the words " or shall not have disposed of the said principal fund as above provided," contained in the last dispositive paragraph. These words may not be so lightly disregarded. Their intent must be ascertained and given effect by the court. (*Williams v. Jones*, 166 N. Y. 522; *Matter of Selner*, 261 App. Div. 618.) " Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. Excision is a ' desperate remedy ' (*Adams* v. *Massey*, 184 N. Y. 62, 69). It is ' only a last resort, to be availed of when all efforts to reconcile the inconsistency by construction have failed ' (*Van Nostrand* v. *Moore*, 52 N. Y. 12, 20)." (*Matter of Buechner*, 226 N. Y. 440, 443.)

The only disposition of the remainder " as above provided " was through the exercise of the power of appointment by the daughter if she survived her mother and died without issue. The words " or shall not have disposed of the said principal fund as above provided " clearly refer to the failure to exercise the power in such contingency. Moreover, the use of the alternative " or " emphasizes the intent of the testator to provide for a contingency other than that of the death of the daughter without issue before the death of the wife.

In order, therefore, to carry out the apparent plan of the testator, the inconsistency resulting from the direction in the will that the principal fund be turned over " upon the death of my said wife " may be reconciled by the insertion after such quoted words of the words " or my said daughter." The phrase will then read " upon the death of my said wife or my said daughter."

The power of the court to reject, supply or transpose words in a will or deed of trust in order that an apparent intention of the testator shall not be rendered abortive by his inept use of language is well recognized. (*Williams* v. *Jones, supra; Matter of Miner*, 146 N. Y. 121; *Phillips* v. *Davies*, 92 id. 199; *Matter of Kane,*

161 Misc. 767; affd., 251 App. Div. 710.)   As stated by the Court of Appeals in *Williams* v. *Jones* (*supra*): " When the .intention is ascertained, the mode of expression, or an inadvertent omission in some particular, should be subordinated to the intent without regard to technical objections if in harmony with the general scheme and purpose of the will.   The primary effort should be to find the testatrix's general scheme and carry her purpose into effect, to which even general rules of interpretation are subservient * * *." .By the insertion of the words " or my said daughter " the ascertained intention of the testator will be effectually carried out.

*Matter of Winburn* (265 N. Y. 366), which is urged as authority by the parties who contend for intestacy here, has no application. In that estate the purpose of the testator was so obscure that it could not be clarified by " straining to recognize an implication. which we cannot find."   Here the intention of the testator to divide the remainder among the issue of the brothers and sisters upon the death of the daughter after the wife, without issue, and without exercising her right of disposition, is clearly revealed.   A liberal construction must therefore be adopted and such intention given effect by supplying the words " or my said daughter." (*Close* v. *Farmers' Loan and Trust Co.*, 195 N. Y. 92; *Matter of Schriever*, 221 id. 268; *Matter of Gallien*, 247 id. 195; *First National Bank & Trust Co* v. *Palmer*, 261 id. 13.)

Further support for the conclusion reached here may be found in the general principle of law, frequently stated by the courts, that an interpretation of a will that will result in intestacy as to any part of an estate is to be avoided if at all possible. (*Matter of Watson*, 262 N. Y. 284; *Waterman* v. *N. Y. Life Ins. & Trust Co.*, 237 id. 293, 300; *Matter of Ossman* v. *Von Roemer*, 221 id 381, 387: *Connelly* v. *O'Brien*, 166 id. 406; *Meeks* v. *Meeks*, 161 id. 66, 70: *Hersee* v. *Simpson*, 154 id. 496.)

I accordingly hold that there was a valid disposition of the principal upon the death of the testator's daughter and that it passed to the issue of the testator's brothers and sisters, *per stirpes*.

Submit decree on notice construing the will and settling the account accordingly.