Carswell, J.
The appellant is the executor of the estate of Bertha Clercy, deceased, a sister of the testatrix Ida B. Ruhl. He challenges the interpretation and effect given to paragraph “ Tenth ” of the last will and testament of Ida B. Ruhl on the final accounting.
Ida B. Ruhl made a will- on January 18, 1943. She died February 11, 1944, leaving her surviving two sisters, Elizabeth Foehrenbach and Bertha Clercy, hereinafter called Elizabeth and Bertha; Charlotte Fuller and Herbert R. Foehrenbach, children of Elizabeth and Harry H. Clercy, a son of Bertha. Bertha died on March 6, 1944, within a month of the death of *637 the testatrix; and on November 3, 1944, Elizabeth died. Elizabeth, therefore, survived the testatrix and her sister, while Bertha survived merely the testatrix.
The will, after making sundry directions and bequests, states “ the omission of any person or persons from this my Last Will and Testament, is by design and not by accident.” In it the testatrix bequeaths all her personal effects to her niece Charlotte Fuller, the daughter of Elizabeth, and she devises all her real property to her niece Charlotte Fuller and her nephew Herbert R. Foehrenbaeh, children of her sister Elizabeth, in fee as tenants in common. She gives 15 % of the residue of her estate (personal property) to one Alma Márchese. The remaining portion of the residue is disposed of in paragraph “ Tenth ” which reads:
‘ ‘ Tenth: I give and bequeath the remaining eighty five percent (85%) of all of the rest, residue and remainder of my estate, unto my sisters Elizabeth Foehrenbaeh and Bertha Clercy, share and share alike, subject to the following conditions. In the event that my sister Bertha Clercy shall predecease either me or my sister Elizabeth Foehrenbaeh, then in that event, I do hereby give and bequeath that share of my residuary estate which has just been bequeathed to my sister Bertha Clercy, unto Charlotte Fuller and Herbert R. Foehrenbach, share and share alike. In the event that my sister Elizabeth Foehrenbaeh shall predecease either me or my sister Bertha Clercy, then and in that event, 1 direct that that share of my residuary estate which has just been bequeathed to my said sister Elizabeth Foehrenbaeh, is hereby given and bequeathed to Charlotte Fuller and Herbert R. Foehrenbaeh, share and share alike.” (Italics inserted.)
The foregoing paragraph is concerned with remainders on conditional limitation. The real property statutes in reference to such a remainder or interest are equally applicable to personal property. (Personal Property Law, § 11; Williams v. Jones, 166 N. Y. 522, 537, 539.)
Section 53 of the Real Property Law reads as follows:
“ § 53. Conditional limitations
“ A remainder may be limited on a contingency, which, if it happens, will operate to abridge or determine the precedent estate; and every such remainder shall be a conditional limitation.”
The clear and unambiguous provisions in paragraph “ Tenth ” give to Elizabeth and Bertha, respectively, a bequest *638 subject to limitations. They also with equal clarity give to Charlotte Fuller and Herbert R. Foehrenbach, remainders on conditional limitations. The conditions imposed, on Elizabeth and Bertha before either of their respective bequests becomes absolute are that Elizabeth and Bertha, respectively, shall survive the testatrix and, in addition, that.Elizabeth shall survive Bertha, or that Bertha shall survive Elizabeth. These conditions were met by Elizabeth. She survived both the testatrix and her sister Bertha. The bequest to Elizabeth, therefore, became absolute, and the contingent bequest to Charlotte Fuller and Herbert R. Foehrenbach in respect of Elizabeth’s share in the residuary estate failed or was extinguished.
Bertha, however, although she survived the testatrix, did not survive her sister Elizabeth. She did not meet the two requirements necessary to entitle her to an absolute estate, free from the further bequests on conditional limitation to Charlotte Fuller and Herbert R. Foehrenbach. Perforce the statute (Beal Property Law, § 53), the estate to Bertha was divested on her death. As the precedent estate, it was abridged or determined and the contingent bequest to Charlotte Fuller and Herbert R. Foehrenbach as an estate on conditional limitations, vested in them absolutely.
The appellant argues that paragraph “ Tenth ” is obscure and that the testatrix, when she made the bequests, intended that it should be read as if she had inserted the words ‘ ‘ During my life ” when prescribing what should occur in the event “ that my sister Bertha Clercy shall predecease either me or my sister Elizabeth Foehrenbach * * This insertion would make the bequest to Bertha absolute on the death of the' testatrix. Inserting or excising words or phrases under canons of construction is permissible only where the language of the testatrix is not clear and unequivocal. There is no ambiguity in the language in which the testatrix expressed her intent. Inserting such a phrase would frustrate rather than effectuate the clearly expressed general purpose and intent of the testatrix revealed by an examination of the will in its entirety. In paragraph “ Second ” she specifically stated that if any person or persons are omitted from her will it was “ by design and not by accident. ’ ’ She carefully refrained from mentioning the name of any child of her sister Bertha. She did not want such a child, directly or indirectly, to share in her bounty. The children of her sister Elizabeth, however, are specifically mentioned and made preferred objects of her bounty. She showed this in paragraph “ Eighth ” by devising all her real property *639 to them. She also made them not only the remaindermen on the conditional limitation as to her - sister Elizabeth’s share, but did likewise in respect of her sister Bertha’s share, to the exclusion of any child of the latter. The language of paragraph ‘ ‘ Tenth ’ ’ also makes clear that she wished neither Elizabeth nor Bertha to enjoy absolutely the residuary bequeathed to them unless they complied with the two requirements she prescribed. Accordingly the practical effect of her bequests was to give to each of them, perforce section 53 of the Real Property Law, merely a life estate if one or the other failed to meet both conditions imposed, so as to prevent a divesting or abridging' of their respective bequests or estates.
It is urged that paragraph “ Tenth ” effects a suspension of the power of alienation in violation of the statutes. (Personal Property Law, § 11; Real Property Law, § 42.) The interpretation just- indicated has no such effect. There are persons in existence at all times in whom the entire estate is vested. The period between the death of the testatrix and the death of Bertha while the sister Elizabeth was still surviving, is said to be vulnerable on such an objection. At that time the precedent estate vested in Bertha (subject to being abridged under section 53 of the Real Property Law), and the contingent estate vested in the remaindermen on conditional limitation; their contingent estate was subject either to becoming absolute in the event Bertha died before Elizabeth, or terminating if Elizabeth predeceased Bertha. These three individuals in being at that time were capable of conveying that entire estate.
While an intention to vest an estate subject to being divested will not be imputed to a testator, it nevertheless will be given effect “ where the testator has unequivocally expressed his intention to create these artificial estates ”. In such an event “ the courts will adjudge them to exist.” [Dissenting opinion.] (Matter of Wiley, 111 App. Div. 590, 599, approved 188 N. Y. 579, 580; Purdy v. Hayt, 92 N. Y. 446, 454; Williams v. Jones, 166 N. Y. 522, 537, 539.) Here the testátrix has so expressed herself unequivocally, and her intention should be given effect.
The decree of the Surrogate’s Court, insofar as appealed from, should be affirmed, with costs, payable by the appellant personally.
Hagarty, Acting P. J., Johnston and Nolan, JJ., concur; Aldrich, J., deceased.
Decree of the' Richmond County Surrogate’s Court, insofar as appealed from, unanimously affirmed, with costs, payable by appellant personally.