In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Successor Trustee under the Will of EDWIN S. ROBINSON, Deceased.

Surrogate's Court, New York County, May 24, 1949.

*Samuel Michelman* and *Sidney Segal* for successor trustee, petitioner.

*De Forest, Elder & Mulreany* for Presbyterian Hospital in the City of New York, respondent.

*Barry, Wainwright, Thacher & Symmers* for American Society for the Prevention of Cruelty to Animals, respondent.

*Milbank, Tweed, Hope & Hadley* for Institute for the Crippled and Disabled, respondent.

*White & Case* for American National Red Cross, respondent.

*Donald Bourne* for Eloise Johnson, individually and as executrix of George F. Johnson, respondent.

*Joab H. Banton,* special guardian for possible unborn issue of Eloise Johnson, respondent.

COLLINS, S. The trustee petitions for settlement of its intermediate account of proceedings and for a construction of the will. The trust accounted for is comprised of a portion of the residuary estate and was created for the primary benefit of decedent's brother-in-law and decedent's niece whose lives meas-

ure the term of the trust and each of whom was entitled to one half of the trust income during their joint lives. Upon the termination of the trust, at the time of the death of the last survivor of the two income beneficiaries, the trust principal is bequeathed to the issue of decedent's niece and failing such issue to four charities. The will provides that if either of said beneficiaries should predecease decedent the entire net income should be paid to the survivor. There is also a provision that in the event both beneficiaries should predecease decedent the trust should not be effective. Both income beneficiaries survived decedent but at the present time the niece is the sole surviving income beneficiary. The will contains no text expressly disposing of the full income under the precise factual situation now existing.

Such of the parties to this proceeding as have expressed views are agreed that the will evidences a clear purpose to bequeath the trust income to the surviving income beneficiary on the death of the other beneficiary during the term of the trust. The entire text of the will provisions creating the trust discloses a distinct intention to make a complete disposition of the income under all circumstances of survivorship. Obviously decedent did not consciously omit mention of any contingency. The purpose of the trust was to provide income for the two beneficiaries during their respective lives. If both beneficiaries predeceased decedent the trust would serve no purpose and consequently was not to be effective. If only one beneficiary survived decedent he, or she, was to receive the entire net income. The plain tenor of the will is to provide the surviving beneficiary with the trust income whether the death of the other beneficiary should occur before or after the death of decedent. The court holds that the will contains a gift by implication of the entire net income to the surviving income beneficiary. (*First Nat. Bank & Trust Co.* v. *Palmer,* 261 N. Y. 13; *Matter of Selner,* 261 App. Div. 618, affd. 287 N. Y. 664; *Matter of Birdsell,* 271 App. Div. 90, affd. 296 N. Y. 840; *Matter of Arents,* 179 Misc. 879; *Matter of Lytell,* 178 Misc. 996; *Matter of Ward,* 63 N. Y. S. 2d 125; *Matter of Miller,* 72 N. Y. S. 2d 690; *Matter of Cummings,* 75 N. Y. S. 2d 893).

Submit, on notice, decree construing the will and settling the account.