In the Matter of the Construction of the Will of WILLIAM H. BREW, Deceased. OTTO F. WEINERT et al., Respondents; ELIZABETH MORE et al., Appellants; RUTH A. BIEHLER, Intervenor-Respondent.

First Department, March 17, 1959.

*Edward W. Stitt, Jr.,* of counsel (*Peter J. Mazola, Jr.,* with him on the brief; *Bannister, Stitt, Holloway & Krause,* attorneys), for appellants.

*Roger Hinds* of counsel (*Frank C. Mebane, Jr.,* with him on the brief; *William B. Schrauff,* attorney), for respondents.

*Jay W. Jacobs* of counsel (*James B. Burke* with him on the brief; *Durant G. Thompson,* attorney), for intervenor-respondent.

*Per Curiam.* This appeal involves the construction of the testator's will dated December 2, 1955 and admitted to probate by decree entered October 22, 1956. The testator died March 11, 1956 at the age of 79 years. His widow died 41 days thereafter of a cerebral hemorrhage. For several years prior to her death, the testator's widow was ailing and more or less confined to her home. Although named executrix in the testator's will, she did not qualify or take any steps to probate the will or to administer his estate prior to her death on April 21, 1956. The pertinent provisions of the testator's will are as follows:

"FOURTH: In the event that my said wife AGNES M. BREW, should predecease me or that she and I should die together or die as the result of a common disaster, even if it is positively proven that my said wife survives me, yet if her death follows mine so closely that she does not have the actual use and benefit of the bequests and devises to her made in this, my Last Will and Testament, then it shall be considered that my said wife died first and I survived her and in such event, I give, devise and bequeath all of the rest, residue and remainder of my estate, real, personal and/or mixed, of whatsoever kind and nature and wheresoever the same may be situate, including that which might have been bequeathed and devised to me by my beloved wife, AGNES M. BREW, in three (3) equal parts to my sisters, ELIZABETH MORE, JOSEPHINE HEITMAN and MINNIE RIDGEWAY.

"FIFTH: In the event of the happening of any of the contingencies set forth in paragraph numbered 'Fourth' of this, my Last Will and Testament, I hereby nominate, constitute and appoint my sister, ELIZABETH MORE, Executrix of this, my Last Will and Testament, without bond, any law of any State to the contrary notwithstanding."

We are required to ascertain and give effect to the testamentary intention of the testator without regard to technical considerations. (*Williams* v. *Jones,* 166 N. Y. 522, 532–533; *Matter of Fabbri,* 2 N Y 2d 236, 240.) The testator's intention is that expressed in his will in the light of the surrounding circumstances, the nature and extent of his estate, and the natural objects of his bounty. (*March* v. *March,* 186 N. Y. 99, 103.)

The said provisions of the will, and the surrounding circumstances, particularly with reference to the precarious state of health and life expectancy of the testator's wife, clearly establish the dominant purpose of the testator to bequeath his residuary estate to his wife, and, in the event of her death before her " actual use and benefit " of said estate, then to bequeath it to his three named sisters in equal shares. The testator's intention is not to be frustrated simply because the draughtsman failed to anticipate the death, unrelated to a common disaster, of the testator's wife closely following his, and, nevertheless, resulting in her failure to enjoy the actual use and benefit of the bequest to her. (Cf. *Williams* v. *Jones, supra,* pp. 531–532.)

Upon the testator's death, his residuary estate vested in his wife subject, however, to divestment upon her death " so closely that she does not have the actual use and benefit of the bequests and devises to her made ". The said condition, together with the other provisions of paragraph FOURTH of the will, effected a conditional limitation in favor of the testator's named sisters. (*Williams* v. *Jones, supra,* p. 538.) Where the gift to the primary residuary legatee is conditioned upon her actual use and benefit thereof prior to her death, there is no impediment to giving effect to the gift over. (*March* v. *March, supra,* p. 118; *Matter of Merrill,* 208 App. Div. 649, affd. 239 N. Y. 517.) This is particularly so when the primary residuary legatee, as here, has it within her power, as executrix, promptly to secure the use and benefit of the bequest.

The decree should be reversed on the law and facts, and the will construed to devise the residuary estate to the testator's three sisters, Elizabeth More, Josephine Heitman and Minnie Ridgeway, in equal parts, and to constitute the cross petitioner, Elizabeth More, executrix under said will and entitling her to letters testamentary, with costs to all parties filing briefs payable out of the estate.

BREITEL, McNALLY and BASTOW, JJ., concur in *Per Curiam* opinion; BOTEIN, P. J., and VALENTE, J., dissent and vote to affirm.

Decree reversed on the law and on the facts, and the will construed to devise the residuary estate to the testator's three sisters, Elizabeth More, Josephine Heitman and Minnie Ridgeway, in equal parts, and to constitute the cross petitioner, Elizabeth More, executrix under said will and entitling her to letters testamentary, with costs to all parties appearing and filing briefs, payable out of the estate.

Settle order on notice.