In the Matter of the Trust under the Last Will and Testament of Charles H. GEAKE, Deceased.

The INDIANA MASONIC HOME at Franklin, Indiana,

and

Shriners Hospital For Crippled Children, Appellants-Respondents,

v.

Robert C. GEAKE, Appellee-Petitioner.

No. 3–377A70.

Court of Appeals of Indiana, Third District.

Jan. 22, 1980.

Rehearing Denied March 11, 1980.

John H. Heiney, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellants-respondents.

Thomas J. Blee, Daniel K. Leininger, Parrish, Eggers, Larson & Burt, Fort Wayne, for appellee-petitioner.

HOFFMAN, Judge.

Charles H. Geake died May 14, 1959 survived by his spouse, Goldie, and a son, Robert. By a will executed in 1956 the testator left his residuary estate in trust. The relevant portions of the testamentary trust read as follows:

## "ITEM IX

All the rest, residue and remainder of my estate of every kind, value or character whatever, be the same real, personal or mixed, and any interest therein, which I may own or have the right to dispose of at the time of my death, I give, devise and bequeath to the Lincoln National Bank and Trust Company of Fort Wayne, Indiana, as Trustee, in fee simple and in trust for the following uses and purposes: (1) To collect the earnings of said Trust corpus and to pay from said earnings in monthly installments the sum of $175.00 to my wife, Goldie I. Geake and a like sum of $175.00 monthly to my son, Robert C. Geake.

I also further direct that should the yearly income from such corpus exceed the amount specified herein as monthly payments to. my wife and son, then that excess, if any, shall be divided equally between my wife and son at the end of each calendar year.

I also further provide and direct that should the income from such trust corpus be insufficient to meet the monthly payments herein provided for, then my said Trustee shall invade the corpus of the trust to secure funds from which to make said monthly payments. Such invasion of the corpus is also directed, if sickness, accident or any other just cause shall make the above monthly payments inadequate for my wife's care, support and Maintenance or the care, support and maintenance of my son and his family. The necessity and propriety of these with-drawals (sic) last mentioned and the amount thereof shall be determined by the trustee upon written application made by said beneficiaries.

I further provide that should my wife, Goldie I. Geake, or my son, Robert C. Geake, pre-decease me, then in that event, my trustee shall pay the yearly income of such trust to the survivor in equal monthly installments of $175.00, subject to the acceleration of payments for just cause as above provided. The excess income over and above $2100.00, the yearly payment, is to be accumulated as part of the corpus of the trust.

Should my son die before my wife, leaving a child or children, I direct my trustee to pay over his share of said income as above set out, for the care, maintenance and education of said child or children and upon the death of my wife, said trustee shall use the entire income from said trust fund for the care, maintenance, and education of said child or children until the youngest of them shall reach the age of 21 years, at which time the entire trust property, principal and income, shall be paid over, one-half to The Shriners Hospitals for Crippled Children, A Corporation, for the use and benefit of the hospitals owned, operated and maintained by said Corporation and the remaining one-half of the entire trust corpus and income to the Indiana Masonic Home at Franklin, Indiana.

Should my son die before my wife, without leaving a child or children, then the entire income shall be paid to my wife, as above directed and upon her death, I direct that my trustee pay the income from said trust fund to my brothers and sister: William C. Geake, Samuel S. Geake, and Edith B. Geake, in equal shares or to the survivor of them and upon the death of the last survivor of them, then the entire Trust property, corpus and income, shall be paid over, one-half to The Shriners Hospitals For Crippled Children, A Corporation, for the use and benefit of the hospitals owned, operated and maintained by said Corporation and the remaining one-half of the entire trust Corpus and income, to the Indiana Masonic Home at Franklin, Ind.

Should my wife predecease me and my son predecease me without leaving a child or children, then I direct that my trustee pay the income from said trust to my brothers and sister, as above directed, and upon the death of the last survivor of them to the Shriners Hospitals and the Indiana Masonic Home, as above directed."

The draftsman of this will attempted to anticipate several possible conditions or combination of circumstances that might exist in the future but unfortunately omit-. ted that which actually occurred. Thus the will made no provision for disposition of the corpus in the event that Goldie survived the testator but predeceased Robert and it is this hiatus which renders a construction of the will necessary.

The trial court made the following entry of judgment:

"Court having examined the Will of Charles H. Geake purporting to create the Trust here in issue and having examined the law and briefs submitted by counsel now finds that the Will of decedent established a valid testamentary trust based upon the widow Goldie surviving said decedent and for the purpose of providing benefit for such widow during her lifetime. That said Will failed to provide for a beneficiary of the corpus of the Trust in the event Goldie survived the testator and predeceased the son of decedent, namely Robert C. Geake, leaving Robert surviving and without children. That said Trust is not ambiguous but having failed to specify beneficiary in event of Goldie's death prior to Robert's and thereby failing to make disposition of corpus, the Court now rules that such instrument together with the facts alleged gives rise to a Resulting Trust for the benefit of the heirs at law of Charles H. Geake. Robert C. Geake being the sole party entitled to legal and equitable interest the Resulting Trust is therefore terminated in favor of petitioner. Petition granted, therefore, as prayed."

Respondents-appellants the Indiana Masonic Home and the Shriners Hospital for Crippled Children (herein referred to as Home & Hospital) maintain that the manifest intention of the testator was to care for his relatives during their lives and thereafter to benefit the Home & Hospital. Petitioner-appellee Robert C. Geake, the son of the testator, alleges that the interests of Home & Hospital were contingent upon the happening of certain events, none of which occurred. Thus he concludes that the respective interests of the Home & Hospital have been extinguished.

■ The primary rule of testamentary construction, of course, is that a will must be interpreted to reflect the intention of the testator. *Collins v. Held* (1977), Ind.App., 369 N.E.2d 641. Another longstanding canon of construction is that this intention is to be ascertained by examining the will as a whole rather than from any particular provision considered by itself. *Stockton et al. v. N. W. Branch Missionary, etc.* (1956), 127 Ind.App. 193, 133 N.E.2d 875. If upon reading the will in its entirety a dominant purpose or general plan of distribution can be gleaned, the individual parts of the will must be read in relation to that purpose and given effect accordingly. *Williams v. Jones* (1901), 166 N.Y. 522, 60 N.E. 240; *In re Fabbri's Will* (1957), 2 N.Y.2d 236, 159 N.Y. S.2d 184, 140 N.E.2d 269. Corollary to these broad principles is the doctrine that a court may give effect to an intention or purpose indicated by implication where the express language of the entire will manifests such an intent and the testator has simply neglected to provide for the exact contingency which occurred. *In re Estate of Thall* (1966), 18 N.Y.2d 186, 273 N.Y.S.2d 33, 219 N.E.2d 397.

■ Looking at the will in its entirety and applying the above rules of construction, it is evident that the will reveals a general scheme or design to benefit the testator's relatives during their lives and thereafter to distribute the corpus to the Home & Hospital. The will provided that Goldie and Robert were each entitled to a payment of $175 per month from the income of the corpus and that any excess income over $4,200 should be divided equally between them. The trustee was given

the power to invade the corpus if the income proved insufficient to satisfy the monthly payments or if the income was inadequate because of sickness, accident or other just cause. It also recited that in the event either Robert or Goldie predeceased the testator, the yearly income of the deceased beneficiary would be paid to the survivor subject to a $2,100 ceiling. Another provision directed that if Robert died before Goldie with a child surviving him, then his share was to be paid for the support of his child until the age of 21. When Goldie died, the trustee was instructed to pay over the entire income to the child until age 21 at which time the corpus would be disbursed to the Home & Hospital.

If Robert predeceased Goldie without any children surviving him, then Goldie was entitled to all of the income. At her death the income would be paid to the testator's brothers and sister and upon their deaths, the corpus would be distributed to the Home & Hospital. In the event that Goldie and Robert predeceased the testator and Robert left no children, the income would go to the brothers and sister. Upon their deaths the corpus would belong to the Home & Hospital.

It is clear that the testator's relatives were left no part of the bulk of his estate. Rather their interests in the trust were limited to rights to income. In the instances where the testator saw fit to dispose of the corpus, the recipients were inevitably the Home & Hospital. Under these circumstances it is highly unlikely that the testator intended for the Home & Hospital's interests to depend on the order in which the life beneficiaries died.

See: *In re Estate of Thall, supra; Williams v. Jones, supra.*

This construction comports more nearly with the intention of the testator as manifested in the will than does the interpretation urged by Robert. To adopt his position that the interests of the Home & Hospital were contingent would not only thwart the testamentary scheme and dominant purpose which pervade the will but would also run counter to ordinary experience. A testator, by the act of making a will, casts grave doubts on any assumption that he expressly intends to chance dying intestate as to any portion of his property. Indeed, the law has taken cognizance of this teaching of common experience and crystallized it into a rule of construction, expressed in various terms, but requiring essentially that the courts favor a construction which avoids partial intestacy and adopt one which results in a complete disposition of the estate.

In accordance with the ruling herein, the Home & Hospital possess a remainder interest in the trust corpus subject to a life estate in Robert.

■ There are two points raised by Robert which merit discussion. First he contends that it was error to reinstate this appeal because the motion to correct errors filed by the Home & Hospital was not sufficiently specific. On August 1, 1977 the Court of Appeals issued an order granting Robert's motion to dismiss or affirm citing three reasons for its action: (1) the motion to correct errors was not sufficiently specific; (2) it was not accompanied by a statement of facts and grounds; and (3) the record of the proceedings was prepared in such a manner as to preclude appellate review. On August 18, 1977 Home & Hospital filed a petition for rehearing requesting this Court to vacate its previous order and reinstate the appeal. Robert subsequently filed a reply brief in opposition to the petition in which he again asserted that the motion to correct errors was not sufficiently specific. On September 16, 1977 this Court issued an order reinstating the appeal and approved the proposed supplemental record of the proceedings.

Although the motion to correct errors was couched in general language, attached to it was a supporting memorandum containing the Home & Hospital's position. In spite of the fact that the motion to correct errors was generally phrased, it essentially stated the grounds for the correction of errors required by Ind. Rules of Procedure, Trial Rule 59, that is, that the decision of the trial court was contrary to law. Reading the motion to correct errors along with the supporting memorandum, it is apparent

that the Home & Hospital has substantially complied with TR. 59. *See: Dept. of Rev. v. Frank Purcell Walnut Lmbr. Co.* (1972), 152 Ind.App. 122, 282 N.E.2d 336.

■ Robert also submits that this appeal ought to be dismissed because the Home & Hospital failed to serve a copy of their brief upon Samuel Geake, a brother of the testator, and the Attorney General of Indiana. This contention is easily disposed of since Robert has not alleged or demonstrated any prejudice to his interest. In all of the cases holding that the failure to serve a party with a brief mandates dismissal of the appeal, the party who was not served was the party moving to dismiss or affirm the appeal. Such was not the case here.

Judgment reversed.

GARRARD, P. J., and STATON, J., concur.