In the Matter of the Will of JOANNA B. ARENTS, Deceased.

Surrogate's Court, New York County, January 12, 1943.

*Rathbone, Perry, Kelley & Drye* for Albert B. Maginnes et al., as executors of Adrian H. Larkin, deceased cotrustee, and Stuart McGuire and Central Hanover Bank & Trust Company, as surviving cotrustees, petitioners.

*Peter F. Blasi* for Edna Y. Oldrin, individually and as executrix and Francis B. Upham, Jr., and Central Hanover Bank & Trust Company, as executors and trustees under the will of Minnie E. Young, respondents.

*Frank J. Nardozzi* for Lewis F. Young et al., respondents.

FOLEY, S. A question of construction involving the disposition of the remainder of the trust created under paragraph tenth of the will of the testatrix has been raised in this accounting proceeding. By that paragraph the testatrix bequeathed the sum of $50,000 in trust to pay the net income thereof to her nephew, Lewis Ginter Young, during his life. She then provided: " If my said nephew shall not survive me, but shall leave issue me surviving, then to pay over the principal of the

said trust fund to such issue in equal shares *per stirpes* and not *per capita,* absolutely and forever; but if my said nephew shall not survive me and shall leave no issue me surviving, then to pay over the principal of the trust fund to my sister, Minnie E. Young, absolutely and forevei.''

Her nephew, Lewis Ginter Young, did survive the testatrix and the alternative outright gifts to take effect if he did not survive her, therefore, never eventualized. The trust for his benefit was set up and is still in force, but the testatrix omitted to make any provision in express terms in that paragraph for the payment of the principal of the trust after the death of her nephew, if he survived her, either with or without issue. He has one daughter, Edith Young Edwards, who was living at the death of the testatrix.

Despite the failure of the testatrix to so provide in express terms in her will, so strong is the inference that she intended to bequeath the principal of the trust after the death of her nephew to his issue, that by necessary implication such a gift to issue must be sustained. To impute to her from the language used the intent to limit the bequest to issue only in the contingency that her nephew predeceased her would be an unreasonable interpretation of her testamentary plan of distribution.

It is significant here that the testatrix under paragraph tenth gave to the issue of her nephew, if he did not survive her, the '' principal of the trust.'' A gift of the principal of a trust ordinarily presupposes the setting up of a trust. The word '' principal '' appears in the will in close proximity to the use of the word '' income '' in the gift to the life tenant. It is, therefore, reasonable to infer from these words that the testatrix had in mind a disposition of the principal of the trust as a remainder to the issue of the life tenant who survived her. Again, under paragraph eleventh of the will, the testatrix provided that if Minnie E. Young, the primary residuary legatee, should predecease her, certain trusts were to be set up for her nephew for his life with remainder to his issue. The gift of the remainder to issue upon the death of her nephew in other parts of the will would be inconsistent with a finding that she did not intend to give the remainder to the issue of her nephew under paragraph tenth of the will. In other words, whether her nephew died before or after her, her intention is plain that his issue should receive the principal of the trust whether at her death or after his death.

The conclusion reached by me is not the result of conjecture or speculation. It is based upon her reasonably observable

purpose and intent. Morever, it finds support in the authorities and the canon which calls for a liberal interpretation in order to sustain the intent of the maker of a will. (*Matter of Selner,* 261 App. Div. 618, affd. 287 N. Y. 664; *Close* v. *Farmers' Loan and Trust Co.,* 195 N. Y. 92.)

In *Matter of Selner* (*supra*) a will similar in effect to that here was construed. There the testator bequeathed his residuary estate in trust with income payable to his wife during her life. In the event his wife predeceased him he bequeathed the residue of his estate to his three sons, specifically naming them. There, also, the testator made no express provision in the will for the disposition of the principal of the trust after the death of his wife if she survived him. In the contingency that actually happened, that is, the death of the wife after the testator, the Appellate Division found that the language of the will irresistibly revealed an intention that the three sons of the testator were intended to receive the entire estate after the widow, the life tenant, died. The opinion declared: "In construing a will, courts endeavor to ascertain and give effect to the intention of the testator. They may only do so in so far as that intention is manifest in the testament, expressly or by implication. A court may not give effect to a supposed intention of a testator which finds no expression in a will; but a court may give effect to an intention or purpose, indicated by implication, where the express language of the entire will manifests such an intention or purpose."

*Close* v. *Farmers' Loan and Trust Co.* (*supra*) exemplified the application of the rule of a gift by implication under a liberal construction. The testator there gave to each of his three daughters a certain part of his estate to be invested by his executors for her benefit and the interest arising therefrom to be paid to her semiannually. In the event of such daughter dying " without issue," the proceeds of the said share were to be divided among her brothers and sisters. There, too, no provision was inserted in the will for the disposition of the remainder, if the testator's daughter died leaving issue. The Court of Appeals, however, found in the will an implied purpose that the testator intended to give the remainder to the issue of each daughter, if such daughter died with issue.

It is urged by the representatives of the estate of Minnie E. Young, the sister of the testatrix, who survived her but has since died, and who was the primary legatee of her residuary estate under paragraph eleventh of the will, that the residuary paragraph vested in her the principal of any trust which had

lapsed because not effectually disposed of under the prior provisions of the will. That contention is without force in view of my determination that there was an effective disposition of the remainder under paragraph tenth of the will by necessary implication. Hence no lapse occurred.

The contention of the life tenant that the gift of the income to him carried with it the gift of the remainder to him also must be overruled. The authorities cited by him have no application to the terms of this will.

Giving effect to the declared general testamentary plan and purpose of the testatrix, I hold that Edith Young Edwards, the sole issue of Lewis Ginter Young, who survived the testatrix, has a vested absolute interest in the principal of the trust created under paragraph tenth of the will, which becomes payable to her upon the life beneficiary's death.

[Other directions included in the original decision of the Surrogate omitted because of their subordinate importance.]

Decreed accordingly.