Joseph A. Cox, S.
The representatives of two deceased Fustees are accounting for the administration of trusts under the second and third articles of the testator’s will. The last of the trustees to die was the income beneficiary of the trusts here accounted for and upon her death the trusts terminated. The petitioners request a construction of the will for the purpose of determining the disposition that is to be made of the trust remainders.
The second article of the will created four separate trusts, each in the amount of $20,000, for the respective benefits of the testator’s four daughters. The will directs that upon the death of an income beneficiary of a trust the principal thereof be paid to the beneficiary’s children and in the absence of a child to the then surviving daughters of the testator in equal shares. The trust accounted for in this proceeding was for the benefit of the last survivor of the testator’s daughters. She died without issue. The will fails to provide for this contingency and the consequence is that the trust remainder passes under the residuary provision contained in the third article of the will (Hadcox v. Cody, 213 N. Y. 570; Lamb v. Lamb, 131 N. Y. 227; Floyd v. Carow, 88 N. Y. 560).
The third article directs that the residuary estate be divided into seven equal portions. Three of these portions are bequeathed outright to the testator’s three sons. The remaining four portions are bequeathed in separate trusts for the respective benefits of the four daughters for whom trusts were created under the second article of the will. The residuary trust here accounted for was for the benefit of the last survivor of the daughters and the trust terminated upon her death. The will directs that the trust remainder be paid to the beneficiary’s children and in the event of her death without issue to her brothers and sisters surviving at the time of her death. The will lacks any disposition of the trust remainder in the event of the beneficiary’s death without issue and without a brother or sister surviving her, which is the existing circumstance. The result is that the undisposed of fund, as a residue of a residue, passes as intestate property of the testator (Wright v. Wright, 225 N. Y. 329).
By reason of the absolute bequest to each son of a one-seventh portion of the residuary estate, the estate of each son is entitled to a one-seventh share of the remainder of the trust created by the second article of the will. A further one-seventh share of the remainder of this trust is payable to the person or persons who were remaindermen of the residuary trust for the benefit of the testator’s daughter who was the first to die, an equal *407 one-seventh share is payable to the remaindermen of the residuary trust for the daughter who was second to die and a like one-seventh share is payable to the remaindermen of the residuary trust for the daughter who was third to die. The final one-seventh share of the remainder of the trust created by the second article, as well as the entire remainder of the residuary trust here accounted for, is distributable to the intestate distributees of the testator.
The compensation of the attorneys for the petitioners is allowed in the amount requested.
Submit decree on notice construing the will and settling the account.