Joseph A. Cox, S.
The testator died in 1929 leaving a will dated April 24, 1928 which, by its thirteenth article, created a trust for the primary benefit of his son Haliburton and, upon the latter’s death, for the benefit of his issue. The petition in this proceeding requests the court to determine whether or not an adopted daughter of the testator’s said son has an interest in this trust. Facts which are not in dispute are that at the date of the testator’s death his son Haliburton was married and the father of three children, subsequent to the testator’s death *107 this son married a second time and shortly thereafter he adopted the 12-year-old daughter of his second wife.
The following extracts from the thirteenth article of the will are the provisions disposing of the trust fund upon the death of the son Haliburton which are particularly pertinent to the problem posed by the conceded facts:
‘ ‘ Upon his death, if he leaves issue surviving him, then to divide the principal of said part into as many equal shares as shall be the number of his children then living and his children then deceased but represented by descendants then living. # # *
“ (1) To hold one of said shares for the benefit of each of my son Haliburton’s said living children who was born during my lifetime * * *
“ (2) To hold one of said shares for the benefit of each of my son Haliburton’s said living children who was born after my decease * * *
“ (3) To hold in trust for the benefit of such of the descendants of deceased children of my son Haliburton as survived my son Haliburton (or, in case of his death before me, for the benefit of such of his deceased children’s descendants as survived me), all the shares in this part of the trust estate, not disposed of in the foregoing sections * * *
“ (4) If my son Haliburton should survive me and die thereafter leaving no issue him surviving, then upon his death the part of the trust property theretofore held for his benefit shall be transferred and paid over absolutely to my son DeCoursey if then living, otherwise to his issue then living in equal shares per stirpes.”
It is contended by the adoptee and by her natural children that the testator’s will should be construed as conferring upon her the identical benefit bequeathed to each child of the blood of the primary trust beneficiary and in support of this position reliance is placed upon the rulings in Matter of Upjohn (304 N. Y. 366) and Matter of Charles (200 Misc 452, affd. 279 App. Div. 741, affd. 304 N. Y. 776). In the Upjohn case the Court of Appeals re-examined the law pertaining to the construction of the terms “ issue ”, “ descendants ” and “ children ” as applicable in a testamentary instrument to an adoptee and the court reaffirmed the rule of construction stated in New York Life Ins. & Trust Co. v. Viele (161 N. Y. 11, 20) that, in the absence of a contrary intention appearing either in the instrument itself or in extraneous evidenciary facts, it is to be assumed that a testator did not regard adopted children as objects of his bounty. The court found in the case then at bar that such a contrary *108 intent was evidenced by the testator’s knowledge of the adoption, his attitude towards the adoptee prior to the execution of Ms will and by the terms of that instrument.
The Surrogate’s opinion in the Charles case (supra) was rendered prior to the Upjohn decision and, although the appeal to the Court of Appeals was by permission granted after the writing of the Upjohn opimon, the lack of an opinion by the highest court in the Charles case precludes a conclusion as to the precise basis for the court’s affirmance of the determinations that the particular will there considered permitted the donee of a power of appointment to exercise such power in favor of her adopted children and that such appointment was not invalidated by section 115 of the Domestic Relations Law.
A more recent decision precisely in point upon the instant fact situation is Matter of Hilts (5 Misc 2d 862, affd. 4 A D 2d 1013), a determination which is controlling upon this court. In that case, as here, the decedent created a trust for a son and secondary trusts for the latter’s children. Other identical facts were that the son was married at the date of the decedent’s death and had cMldren of the marriage and subsequent to the decedent’s death the son was divorced and remarried and thereafter adopted a cMld of his second wife. It was there held, as it must be held in tMs case, that under such facts the decedent could not have had knowledge of the adoption at the time of the execution of the will and, in the absence of some expression in the will evidencing an intention to benefit an adoptee, a person occupying such a status could not be regarded as benefiting under the will.
An examination of tMs testator’s will in its entirety discloses no purpose to include an adopted child as a beneficiary. Indications that this testator contemplated gifts to blood relatives only are found in Ms reference to the cMldren of Ms son as those “ born ” during the testator’s lifetime and those “ born ” after Ms decease, as it would seem most improbable that he was referring to children born to strangers. It cannot be said from the testator’s use of the terms issue, child, children and descendants, either from the words themselves or the context in wMch they appear, that he had in mind any individual introduced into the family by adoption and, accordingly, it is held that the adoptee was granted no interest by the testator’s will.
Proceed accordingly.