Joseph A. Cox, S.
In this proceeding to settle the final account of the trustee, instructions are requested as to distribution of the remainder of the trust created by article Fourth of the will. The testator bequeathed one half of his residuary estate to his widow and, by article Fourth, provided as follows: 11 The remaining balance of my residuary estate I give, devise and bequeath to my Trustee hereinafter named — in trust nevertheless — to invest the same and keep the same invested and to pay the income thereof in quarterly installments to my wife during the course of her natural life.”
The will provides, by article Fifth, for a disposition of the trust remainder in the event the testator’s wife predeceased him but there is no explicit gift of the remainder upon the death of the testator’s widow. The special guardian urges that there is a gift by implication to his wards under article Fifth. The assignee of a niece, mentioned in article Fifth but benefiting more substantially under article Sixth, contends that there is a gift by implication to the persons named in the latter paragraph. The administrators c. t. a. of the widow’s estate assert that the remainder passes by intestacy.
In Matter of Englis (2 N Y 2d 395, 402) the Court of Appeals, by characterizing Matter of Selner (261 App. Div. 618, affd. 287 N. Y. 664) as a rare and exceptional case, restricted application of the “ theory or rule of bequest by implication ” to most unusual circumstances. Those contending for a gift by implication rely chiefly on the Seiner case and also on Matter of Haber (281 App. Div. 383, affd. 306 N. Y. 706). Under the reasoning of the Court of Appeals in Matter of Englis the factual situation in Matter of Saber would also appear to isolate, that decision as an extreme case. The language of article Fourth presents a situation where the event that occurred, survival of the life beneficiary with no disposition of the remainder on her death, was a contingency not provided for by the testator. The very fact that there are conflicting contentions as to where the implied gift appears in the will is a clear indication that the court would be guessing as to what testator would have desired in the existing circumstances. The court is not privileged to conjecture as to the testator’s intention (Matter of Englis, supra; Matter of Slater, 3 N Y 2d 109). The remainder of the trust, therefore, passes by intestacy.
The contention that the acceptance by the widow of the benefits of the will bars her estate from an intestate share of the trust *686 remainder is rejected. The authorities cited in support of this contention pertain only to situations where a widow was required to elect between testamentary benefits and rights accruing to her by reason of her status as widow.
Objections have been interposed as to the value of the trust corpus but this issue has been passed upon by the ruling by Surrogate Di Falco denying a motion to reopen the decree on the executor’s accounting. This holding is res judicata and the objections are dismissed. The compensation of the attorneys for petitioners is fixed in the amount of $850.