In the Matter of the Estate of SAMUEL T. REYNOLDS, Deceased.

Surrogate's Court, Westchester County, May 25, 1962.

*Neale & Wilson* for petitioner.  *Carter, Ledyard & Milburn* for respondents.

HARRY G. HERMAN, S. In this independent proceeding for a construction the court is asked to determine whether the remainder of a trust is payable to two children of decedent as a gift by implication or passes under an alternative residuary clause to designated charities.

The decedent died on March 13, 1933, and his will dated March 18, 1930, was admitted to probate by a decree of this court dated April 29, 1933. By article THIRD of his will the testator devised and bequeathed his residuary estate in trust with the income payable to his wife during her lifetime.

In the event that his wife died prior to December 31, 1937, the trustees were directed to pay one third of the net income to a daughter and two thirds to a son until December 31, 1937, at which time the share held in trust for his or her use was to be payable to him or her absolutely. The will then contains a provision for the contingency of a child dying without issue before December 31, 1937, and the augumentation of such share to the share held in trust for the surviving child. The will also provides that in the event that the wife of testator fails to survive him, the estate be administered for the benefit of the children as thereinabove provided in the event of the death of the wife prior to December 31, 1937. In the event that the testator was not survived by a wife or children, or in the event that the children should die without issue before the termination of the trust on December 31, 1937, the sum of $10,000 was to be paid to two named individuals. The residue was directed to be divided equally between two designated charities.

Although the draftsman provided for the disposition of the remainder of said trust under various contingencies he failed to include express provision therefor under the contingency which has occurred. Both children of decedent as well as his widow not only survived the testator but survived December 31, 1937, the date fixed for the termination of the trust upon the death of the widow prior to such date. Under the contingency which has occurred the trust did not terminate until the death of testator's widow as life beneficiary on September 24, 1961. Both of testator's children are still living and had attained their majority prior to December 31, 1937.

In *Matter of Selner* (261 App. Div. 618, 620–621, affd. 287 N. Y. 664) the opinion of the Appellate Division by CARSWELL, J. enunciated the following rule of construction with respect to gifts by implication: "When a will does not contain a mention of particular property, or of an estate, or an express bequest or devise of such property or estate, in one contingency, then such property or estate may not be, in another contingency, the subject of a bequest or devise by implication through the medium of a construction of the testament. Especially so if disinherison would result and there is no express language indicating an intent to disinherit. If, however, the property or estate claimed to be bequeathed or devised by implication, in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency, which did not occur, then effect may be given to such bequest or devise by implication, in the contingency which did occur, if a reading of the entire will makes manifest that such was the intention of the testator."

In *Matter of Selner* (*supra*) the testator had established a trust for his widow if she survived him without disposing of the remainder upon her death. The testator then provided that if his wife should predecease him then three named sons would receive the residue of his estate. The testator was survived by his wife and three sons, one of whom predeceased the termination of the trust. The court held that because the testator had provided for a disposition of his estate in favor of his three sons in the event that his wife predeceased him, there was an implied intention that upon the death of his wife, even though she survived him, the remainder of the trust should pass to his three sons if they survived testator.

In *Matter of Arents* (179 Misc. 879) the testatrix provided for a trust in a fixed amount, the income of which was payable to a designated nephew during his lifetime. The testatrix then provided that if such nephew should not survive her the remainder was to be paid to his issue or in the event of the death of

the nephew without issue to a named sister of the testatrix.  The will failed to expressly provide for disposition of the remainder of the trust under the contingency which in fact occurred; in the event that both the nephew and his daughter survived the testatrix.  The court held that despite the failure of the testatrix to expressly provide for the disposition of the remainder of the trust in the event that her nephew survived her, there was a clear intention that the issue of the nephew was to receive the principal of the trust whether her nephew died before or after the testatrix.

" If a general scheme is found to have been intended, which is valid, it is the duty of the court to carry it into execution and thus effectuate the purpose of the testatrix."  See opinion of MARTIN, J. in *Williams* v. *Jones* (166 N. Y. 522, 533).

Although the significance of the date December 31, 1937 is not apparent, it is clear from a reading of the entire will that the children of the decedent were the intended beneficiaries of his residuary estate, subject only to the provisions for the benefit of his wife.  A conclusion that the children of testator were not to receive the remainder of the trust in the event that testator's wife died after December 31, 1937, would do violence to the apparent intention of the testator as gathered from a reading of the entire will.  There is a clearly apparent intention that the children of testator were to receive the remainder of the trust upon the death of the wife in the event of her death before or after December 31, 1937.

The court accordingly construes the will as providing for an implied disposition of the residuary estate between the two children of the testator, one third thereof to the daughter and two thirds thereof to the son, and the will is construed accordingly.