Maximilian Moss, S.
Testatrix died on March 21, 1954, leaving surviving her son, Harold Eastmead, as her only distributee. Her will was admitted to probate June 2, 1956. The delay was caused by difficulty in locating testatrix’ son. The will nominated the attorney-draftsman as executor and trustee but he renounced and Gwendolyn Saunders, niece of testatrix and a beneficiary under the will was appointed administratrix c. t. a.
The will gives to said niece household furniture and other items and the balance of an account in the South Brooklyn Savings Bank after payment therefrom of funeral and estate expenses. Paragraph “ Fourth ” creates a trust of the residuary estate for the benefit of testatrix’ son, Harold. The article in question reads as follows: “ Fourth” All the rest, residue, and remainder of my estate, both real and personal, of whatever nature, and wherever situate, I give, devise and bequeath in Trust, for a period of five (5) years from the date of my death, to my son, Harold Eastmead, said trust is for the purpose of providing necessary clothing and medical care for my son. At the end of the five year period, if my son, Harold East-mead, can not be located, then I give, devise and bequeath the remainder of this trust to my aforementioned neice, Gwendolyn Saunders. If my son, Harold Eastmead, should die before the five year period has elapsed, I give, devise and bequeath the remainder of the trust to my aforementioned neice, Gwendolyn Saunders. As trustee of this trust I hereby appoint my lawyer, Donald A. Piricl with power to invade the trust for the above-mentioned purposes, no bond being necessary for the faithful performance of his duties as trustee.”
This proceeding seeks a construction of paragraph 11 Fourth ’ ’ of the will to determine the intention of testatrix with respect to whether testatrix’ son, Harold, is entitled to the remainder *550 of the trust or whether Gwendolyn Saunders is entitled to the remainder.
On the testimony of the draftsman and on all the proof, the court finds as follows: Testatrix, a widow, had created a Totten Trust on or about October 22,1952 (Matter of Totten, 179 N. Y. 112) for the benefit of her son. On or about December 15, 1953, testatrix had her will drawn and in connection therewith informed her attorney of certain facts adversely affecting her son but nevertheless she stated that she wished to create a trust for her son to last for a period of five years if he could be located at her death, the income therefrom to be used only for necessary medical care and clothing, and that in any event the entire residuary estate was to pass to Gwendolyn Saunders five years from death of testatrix. In this event, the testimony of the scrivener of the will was that testatrix stated: “ With the other account in the Williamsburgh I want to set up a trust ’ ’ for her son. After the death of testatrix it was found that the Williamsburgh account was in form a Totten Trust. However, testatrix had not mentioned this fact to her attorney but did say that the moneys from the account in the Williamsburgh Savings Bank were to make up the trust for her son. Article * ‘ Fourth ’ ’ of the will was accordingly drawn.
Except for the fund contained in the Totten Trust created prior to the date of the will, there would not be sufficient funds in the residuary estate to effectuate the disposition contained in article “Fourth”. The court finds that the intent of the testatrix was to revoke the Totten Trust. (Matter of Richardson, 134 Misc. 174; Walsh v. Emigrant Ind. Sav. Bank, 106 Misc. 628, affd. 192 App. Div. 908, affd. 233 N. Y. 512.) Wherever possible a construction should be adopted which would not result in partial intestacy. (Matter of Fabbri, 2 N Y 2d 236.)
The testimony of the draftsman shows that, in typing the will, the word “or ”, due to a stenographic error, was inadvertently omitted between the word “ period” and the word “ if ” in the second sentence of article ‘ ‘ Fourth ’ ’. The testimony of a draftsman is admissible to correct an obvious error. (Matter of Morrison, 270 App. Div. 318; Matter of Menick, 124 N. Y. S 2d 573; Matter of Blodgett, 168 Misc. 898.) The insertion of omitted matter to effectuate the intent of the testatrix and her testamentary scheme is a necessary judicial function. As this court said in Matter of Gutter (5 Misc 2d 737, 739, affd. 4 A D 2d 966, affd. 5 N Y 2d 1018): “As was recently stated by the Court of Appeals in Matter of Fabbri (2 N Y 2d 236, 239-240): ‘ All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated *551 as far as is consonant with principles of law and public policy. This intent, as we have often said, must be gleaned not from a single word or phase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed.’ That learned court previously said: ‘ When the intention is ascertained, the mode of expression, or an inadvertent omission in some particular, should be subordinated to the intent without regard to technical objections if in harmony with the general scheme and purpose of the will’ (Williams v. Jones, 166 N. Y. 522, 533).”
With the insertion of the omitted word 6 ‘ or ”, any possible ambiguity as to the intended ultimate disposition of the residuary estate is resolved in accordance with the contentions of the administratrix c. t. a. Furthermore, the five-year period having passed since the death of the testatrix, the residuary estate is payable to Gwendolyn Saunders.