Joseph A. Cox, S.
The testatrix created a trust for the lives of three named persons, a term which was permissible under the law of Florida where the testatrix died. It appears to have been the purpose of the testatrix to bequeath the trust remainder in stirpital shares to the children of the three beneficiaries, the children of a particular beneficiary to divide a one-third share of the remainder on the death of their parent. The testatrix also made an effort to anticipate the contingency that a beneficiary would not be survived by a child and, accordingly, she provided that if the beneficiary first to die were childless the trust be continued for the benefit of the two surviving beneficiaries and, if the second beneficiary to die were childless, the trust be continued for the benefit of the sole surviving beneficiary. The will provides dispositions of the trust remainder if the beneficiary first dying should be childless, if this beneficiary and the beneficiary second to die should be childless and if all the beneficiaries should be childless but the will lacks a disposition of the trust fund under the circumstances which have eventuated.
One beneficiary has died survived by children who became entitled to one third of the trust principal. The two surviving beneficiaries are childless, one is an incompetent and the circumstances of both are such that the birth of issue to either is most unlikely. The trust, now consisting of two thirds of the original fund, will continue in that amount until the death of the last surviving beneficiary, if they both remain childless. An issue exists as to the disposition to be made of the fund on the death of the last surviving beneficiary. Although the trust is not terminated the court will construe the will in view of the circumstances hereinabove referred to (Matter of Lederer, 4 A D 2d 623).
The will contains a disposition were the last surviving beneficiary to be survived by a child and also if all the beneficiaries were to die childless but there is no disposition under the circumstances which, in all probability, will exist upon the termination of this trust. The fact is that one beneficiary left children and the question of construction is presented on the basis that the now surviving beneficiaries will not leave children. The only remainder gift to the children of the now deceased beneficiary is a one-third share of the remainder and there is no cross remainder gift to them of any portion of the balance of the trust fund in any contingency. A bequest to the residuary estate is premised upon the condition that all the beneficiaries die childless. The fact is that the efforts of the will to anticipate a number of contingencies unfortunately fail to provide a dis *357 position where one beneficiary is survived by issue and the others are not survived by issue.
This construction question is governed by Florida law inasmuch as the residence of the testatrix was in that State but examination of the law of that jurisdiction reveals that, upon this question, it conforms to the law of this State and decisional law of Florida relies to a great extent upon opinions of New York courts.- Counsel in this proceeding, citing New York law, urged that there is basis for finding a gift by implication, despite the omission of an explicit bequest in the will, but the early decisions recognizing gifts by implication have been given very restricted application by recent decisions of our highest court (Matter of Englis, 2 N Y 2d 395; Matter of Slater, 3 N Y 2d 109; cf. Matter of Adler, 33 Misc 2d 684) and there is no basis here for venturing a guess as to the unexpressed purpose of the testatrix. It is held that because of the deficiency in the will the trust remainder will pass as intestate property in the event the now living trust beneficiaries shall die without issue.
The authority to make investments and the distribution of stock dividends and stock splits are controlled by Florida law. No objection has been made in this proceeding to the proposed distribution of dividends and the account may be settled accordingly.