John M. Keane, S.
An electrical engineer, whose work requires him to be in constant proximity to high voltage equipment, never fails to respect the constant danger surrounding him. Carelessness would exact a dear price — his own life. Sometimes the court wishes that attorneys who draft instruments containing involved trust provisions and cross contingencies would be subjected to some penalties for apparent carelessness in preparation of such instruments. Although such an attorney does not pay with his life for an error like the electrical engineer, his work frequently disrupts and disarranges the lives of many people who survive the testator.
This is a construction proceeding involving paragraph “ninth” of the last will and testament of Michael Howard, deceased. The language of the paragraph is as follows: “ninth: I give, devise and bequeath the life use of the lot situate on the corner of Mitchell Avenue and Vestal Avenue in the City of Binghamton, New York, together with any improvements thereon, and extending from Vestal Avenue to the apartment house above bequeathed, in the rear, unto my beloved son, *561 Raymond M. Howard, for and during the term of his natural life. Upon the death of my said beloved son, Raymond M. Howard, I give, devise and bequeath the said lot above mentioned unto my beloved wife, Mary J. Howard for life, if she be living at said time, and if she be not living at the time of the death of my said son, Raymond M. Howard, I give, devise and bequeath the said lot above mentioned unto any child or children which my said son, Raymond M. Howard may have left him surviving, the child of any deceased child to take the share which its parent would have had, if living. If there be no such child or children, I give, devise and bequeath the said lot above mentioned unto my heirs at law living at said time. ’ ’
The will was executed January 4, 1927. On that date the decedent’s son, Raymond, was unmarried and 23 years of age. Michael Howard died March 11, 1945 leaving him surviving his widow, Mary, and his son, Raymond, as his only distributees. His will was admitted to probate in this court on May 3, 1945.
Raymond M. Howard died unmarried at 49 years of age on September 22,1962. A short time thereafter his mother, Mary J. Howard, died May 27, 1964. Although the immediate Howard family has departed, problems concerning one paragraph of the will of Michael Howard remain with the living.
A close examination of paragraph ‘1 nixtti ’’ indicates that no provision is made for the disposition of the remainder following the secondary life estate, the contingency that actually occurred. This construction proceeding is the outcome of a quarrel between two unrelated groups of individuals, each of which claims the remainder to the parcel of real property involved.
The petitioners represent the interests of the estate of Mary J. Howard and the estate of Raymond M. Howard. It is their contention that the failure of the paragraph to provide for disposition of the remainder following the secondary life estate results in the remainder passing under the residuary clause. Mary J. Howard and Raymond M. Howard were the residuary legatees.
The respondents are the distributees of Michael Howard living at the date of the death of Mary J. Howard, the last to die. The respondents contend that the remainder of the premises involved passes to them. Their primary basis for such a claim is a gift by implication. The secondary basis is the existence of an obvious scrivener’s error in the preparation of this will.
As has been said before, canons of construction are easy to enunciate but difficult to apply. The primary canon of con *562 straction must be to carry out the intent of the testator. This court sometimes rebels at the concept of attributing to a testator the language of wills which contain limited estates, remainders, cross remainders and all sorts of contingencies. Such'instruments may express the intent of the testator but frequently the language used is foreign to him.
General bequests actually payable under the first seven paragraphs of the will of Michael Howard totaled $14,000. Paragraph ‘ ‘ eighth ’ ’ contained a life estate of a parcel of real property valued at $13,000 in which the primary beneficiary was his wife, Mary J. Howard, and the secondary beneficiary ivas his son, Raymond M. Howard. The remainder was given to the children of Raymond M. Howard. If there were no children, the remainder passed after one or both life estates to his ‘ ‘ heirs at law living at said time. ’ ’ Paragraph ‘ ‘ tenth ’ ’ created a trust of $75,000 upon substantially the same terms.
Paragraph “ ninth ” has already been set forth. That parcel of real property was valued at $6,800. Paragraph “ eleventh ” created a trust of $75,000 upon substantially the same terms as paragraph “ ninth ” except that its language provided for the contingency of the survival of the secondary life tenant. Finally, after one more general bequest of $1,000 in paragraph ‘ ‘ twelfth ’ ’, the residuary clause in paragraph 11 thirteenth ’ ’ of the will gave the balance to Mary J. HoAvard and Raymond M. Howard equally.
Frequently .the residuary clause is the vehicle providing for those closest to the testator. Such was not the case here. Accounting and tax proceedings in this estate sIioav that over 75% of the benefits for decedent’s Avife and son Avere contained in paragraphs “ eighth,” “ ninth,” “ tenth ” and “ eleventh.” Less than 25% passed under the residuary clause in paragraph “ thirteenth.” So here we must conclude that the fundamental gifts for the benefit of the wife and son were not postponed until the residuary clause.
An examination of the entire will indicates to this court that the primary concern of the testator was for his wife and son in an almost equal degree. There was a small difference in the value of the parcels of real property involved in paragraphs ‘ ‘ eighth ’ ’ and ‘ ‘ ninth, ’ ’ but the two trusts in “tenth” and “eleventh” are equal and the shares of the residue are equal. Beyond the lifetime of his wife and his son, the testator was most concerned about keeping all the property involved in paragraphs ‘ ‘ eighth, ” “ ninth, ’’’ ‘ ‘ tenth ’ ’ and “ eleventh,” the major portion of his estate, in his descendants. *563 Failing descendants, he desired that the property would go to his “ heirs at law.”
The petitioners contend that no ambiguity exists in paragraph ‘1 ninth. ’’ They say that the contingency that actually occurred, survival of the secondary life tenant, not having been provided for, the remainder passes under the residuary clause of the will. In addition they say that respondents have not sustained the burden of their argument for a gift by implication or for a scrivener’s error.
While the court undoubtedly has the power to add, subtract or change words when the occasion requires, such a step is taken with the greatest caution. (Matter of Nager, 45 Misc 2d 1050 [1965]; Matter of Nossenhein, 36 Misc 2d 548 [1962] and Matter of Lytell, 178 Misc. 996 [1942].) The respondents suggest that the words “ or, if living, upon her death,” which appear in paragraph “ eighth,” were inadvertently omitted in paragraph ‘ ‘ ninth. ” It is true that similar provisions, though not in the exact words, appear in paragraphs ‘ ‘ tenth ’ ’ and ‘ ‘ eleventh. ’ ’
This is not the situation where the absence of words makes the language unintelligible. Nor is it the situation where in typing one or more lines have been dropped (Matter of Dorson, 22 Misc 2d 945 [1959]). This court hesitates to substitute language for the decedent without more evidence than appears here to warrant the insertion of the requested words.
Despite its lack of enthusiasm for the argument based on a scrivener’s error, this court believes it would be a rare and certainly eccentric draftsman who would create divided interests in one parcel of real property and two substantial trusts, carefully providing for similar complete alternative dispositions of the remainder for all possible contingencies in those three instances, and then create a divided interest in the other parcel of real property, providing for all alternative dispositions but one, with the intent that by its omission the residuary clause would cover that contingency. If the will contained only the language of paragraph “ ninth ” and no paragraphs “ eighth,” ‘ ‘ tenth ’ ’ and ‘ ‘ eleventh, ’ ’ this court Avould be disposed to follow the reasoning of the petitioners. This court does not believe a draftsman Avould consciously so prepare a will, omitting a provision for one contingency so it would pass by the residuary clause while specifically providing for the same contingency in the other three instances.
We noAV pass to the primary argument of the respondents. They contend that the court should find a gift to them by implication. They rely on Matter of Selner (261 App. Div. 618, affd. 287 N. Y. 664 [1941]) and cases following its rationale.
*564 The court has read the dispositive provisions of many wills as they are reported in numerous decisions, whose language has engendered the same controversy as here. Many times the court has invoked the doctrine of gift by implication to avoid intestacy. This occurred in Matter of Selner (supra). This feature is inapposite here because we are not dealing with language in a residuary clause.
Other decisions and other wills give the court a background for reaching a conclusion here. Foremost, however, must be the goal to give effect to the intent of the testator. There is no internal evidence in the will before the court to indicate why testator wanted the remainder in paragraph “ ninth ” to go differently if the secondary life estate" came into existence. Despite all efforts of Judges to be objective in interpreting language in situations similar to the will here, the subjective element is always present. Proof is seen in the difference of opinion in the various courts involving the same will, such as Matter of Englis (2 N Y 2d 395 [1957]), where the Court of Appeals reversed a divided Appellate Division and the Surrogate, and Matter of Selner (supra) where the Court of Appeals affirmed a divided Appellate Division that had reversed the Surrogate.
The crux of this decision rests on the applicability of the doctrine of gift by implication. This court is cognizant of the limitations imposed on that doctrine by Matter of Englis (supra) and cases which have followed it, such as Matter of Slater (3 N Y 2d 109 [1957]); Matter of Rolston (44 Misc 2d 298 [1964]); Matter of Thall (41 Misc 2d 1086 [1964]); Matter of Gridley (37 Misc 2d 355 [1962]); Matter of Adler (33 Misc 2d 684 [1962]) and Matter of Clarke (24 Misc 2d 177 [1960]). Such a list of representative cases might lead one to believe that the doctrine of gift by implication remains only as history like the Buie in Shelley’s Case. This court believes the doctrine is sound but fraught with great dangers in its exercise because in the final analysis words are being put in a will which were not there when it was executed.
Does no authority support this doctrine? Of course, many decisions do, some being Matter of Haber (281 App. Div. 383, affd. 306 N. Y. 706 [1954]); Matter of Birdsell (271 App. Div. 90, affd. 296 N. Y. 840 [1947]); Matter of Nield (42 Misc 2d 1010 [1964]); Matter of Reynolds (35 Misc 2d 292 [1962]); Matter of Frank (17 Misc 2d 32 [1959]); Matter of Wilson (7 Misc 2d 1073 [1957]); Matter of Arents (179 Misc. 879 [1943]). Even with these decisions the court still must come to a conclusion based on the will before it and that alone.
*565 This is not a case where the disposition of a remainder ends with a gift to descendants as was Matter of Weir (7 Misc 2d 405 [1957]). Here testator made a gift over to his “ heirs at law ” on failure of descendants in the contingency of no secondary life estate. The real question is whether such disposition should prevail in the contingency of an existing secondary life estate.
The petitioners strongly contend that if the position of the respondents were upheld, there would be a disinheritance of those closest to the testator. On that basis, they say that the remainder should pass to the estates of the widow and son. Certainly the widow and son can never benefit from anything that is received only by their estates. The theory can well be sound but in real life it has a hollow ring.
The court is appreciative of the extensive and exhaustive briefs submitted. However, the cause of the advocate is not advanced by sheer numbers of cases or by quotations that turn out to be dicta in the decision. For example, petitioners have cited Matter of Lynde (28 Misc 2d 174 [1961]) as argument against a gift by implication. This court has great respect for the words of Mr. Surrogate Cox who wrote the decision in Matter of Lynde (supra). In that case he determined that under the circumstances an adopted child qualified as “ issue ” to take a remainder. As an afterthought, he expressed his ideas on the problems that might have existed had the adopted child not taken. To this court, Matter of Lynde (supra) stands as a decision on rights of an adopted child, not as a decision on gifts by implication.
The zeal of counsel in making argument is commendable. In a construction matter it is all the more difficult because “ no litigated will has a twin.” Yet counsel should limit the cases cited to those as close to the fact situation before the court as possible.
Looking at the whole will, the following language of Matter of Englis (2 N Y 2d 395, 402, supra) seems appropriate: “ There are, of course, situations where common sense and justice require that the courts correct situations resulting from obvious error or omissions in wills. Such was the Selner case.”
This court determines that Michael Howard wanted the remainder in paragraph ‘ ‘ ninth ’ ’ to pass as did the remainders in paragraphs “ eighth,” “ tenth ” and “ eleventh ” on the termination of any secondary life estate. To sustain this determination, this court finds that there is a gift by implication of the remainder to the respondents herein.