John M. Keane, S.
Kate Kobrin executed her will on June 4, 1945. She gave her husband the statutory minimum. She gave $1,000 to her only son. She gave $200 to a friend and $100 *986 each to five charitable organizations. Her jewelry was left under a trust arrangement for the benefit of her only grandson, Joel Harris Kobrin. The residue of the estate was left in trust also for the benefit of Joel Harris Kobrin who was then 10 years old.
Kate Kobrin died 10 years later on October 4,1955. Her husband had predeceased her. Thus the entire residue of almost $23,000 was left in the trust for the benefit of her grandson. In this intermediate accounting, the trustee seeks a construction of the language creating the residuary trust. The problem will be easier understood if the language is set forth at length instead of paraphrasing. The relevant language is at follows:
‘ ‘ FOURTEENTH; * * *
“ 2. The Trustee is hereby directed to apply the net income from said Trust Fund, after deducting its lawful charges and expenses against the same, for the education of my said grandson joel haeris kobrin, including the cost of his education in a well recognized College or University to be selected by my grandson but to be approved by the Trustee, with full power and authority, if circumstances warrant, to appropriate any part of the principal or the income of such Trust Fund, for his education, support and maintenance, providing the Trustee is satisfied that my said grandson does not receive adequate support and maintenance, including cost of his education, from his father or from other sources; and the said Trustee is empowered to pay out of the principal of the said Trust Fund such sum or sums as the Trustee may think necessary and advisable for the proper care, support and education of my said grandson, and for the meeting of any unusual emergency which may arise during the life of this Trust.
“3. If and when my said grandson shall have graduated from a University of recognized standing (so recognized in the judgment of the Trustee), the Trustee is hereby directed and empowered to deliver to my said grandson the corpus of said estate at the following times and in the following proportions, to wit:
“ (a) One third (%) thereof when he attains the age of twenty-five (25) years, providing he shall either have married by that time a woman of the Jewish faith, or is still unmarried;
“ (b) Another one third (%) of the corpus of said estate as soon thereafter as he shall marry a woman of the Jewish faith, or, if he remains unmarried, to be paid to him when he attains the age of twenty-eight (28) years;
“ (c) And the final one third (%) of the corpus of said estate as soon thereafter as he shall marry a woman of the Jewish *987 faith, or if he remains unmarried, to be paid to him when he attains the age of thirty (30) years.
“4. In the event that my said grandson shall marry outside of the Jewish faith, at any time before the entire corpus of the estate is paid over to him by the Trustee, or shall fail to marry at the time of attaining the age of thirty (30) years to one of the Jewish faith, or shall die at any time before the balance of the corpus of the estate is paid to him by the Trustee, I direct my Trustee hereinafter named to turn over to my son, william kobrin, the unexpended corpus of my estate. In the event of the death of my said son, william kobrin, prior to the death of my said grandson, then and in that event, I give, devise and bequeath the corpus of such estate to the remaining heirs of the said william kobrin.”
Joel Harris Kobrin is now 33 years old. During the lifetime of his grandmother he attended Syracuse University for two years until June, 1955. He then went into military service for two years. Upon completion of his military service he returned to Syracuse University in the Fall of 1957. He discontinued his studies in the Spring of 1958. He has not graduated from any other college subsequent to 1958.
Since 1956 he has been married to a girl of the Jewish faith. He is the father of two young daughters. He has stated in this proceeding that he no longer intends to seek graduation from a university. He has requested that the trust be terminated and the corpus be paid to his father, William Kobrin. The special guardian for his two children opposes this request.
It is clear that the will does not provide for the contingency which actually occurred, namely, the failure of Joel Harris Kobrin to graduate from a recognized university. He contends that when 'the will is examined in its entirety there was no intent on the part of his grandmother to continue the trust beyond his 30th birthday. He argues that since he did not graduate from a university prior to his 30th birthday, the trust should be terminated and the corpus paid over to his father. Joel Harris Kobrin requests that the doctrine of gift by implication be followed and the trust terminated.
The decedent’s primary purpose was to provide funds for her grandson’s college education. Secondarily, she was concerned about his marriage to a girl of the Jewish faith. As long as he remained unmarried there was always the possibility of marriage to one of his own faith. He would forfeit the balance of the corpus only by marrying outside of his faith before his 30th birthday. Once he was 30 years old, he could *988 have married one of any faith. No problem exists with this condition because he did marry a girl of the Jewish faith.
Is this a situation where a doctrine of a gift by implication can prevail? In Matter of Thall (18 N Y 2d 186 [1966]), Judge Fuld (pp. 192-193) quotes from Matter of Selner (261 App. Div. 618, 620-621) in a statement which contains the gist of the doctrine of gift by implication as follows: “If * *' * the property or estate claimed to be bequeathed or devised by implication, in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency, which did not occur, then effect may be given to such bequest or devise by implication, in the contingency which did occur, if a reading of the entire will makes manifest that such was the intention of the testator.”
The facts in the Thall case were much different from those in the present case. Contained in the Thall case was a pattern of disposition within the family unit. This court had occasion in Matter of Howard (48 Misc 2d 559 [1965]) to examine the doctrine of gift by implication. In the Howard case, there was a sufficient pattern of disposition for the court to find a gift by implication in the contingency which actually occurred.
The contingencies provided for in the will of the decedent herein relate not to the education of her grandson but to his marriage. The grandson seeks to impose the contingencies relating to his marriage upon the provisions concerning his education.
While the testatrix was quite specific in providing for various contingencies relating to the marriage of her grandson, the court finds no language in the will to support the argument that she intended the trust to end at age 30 in the event that her grandson failed to graduate from a recognized university.
The will assumes graduation. At the time of its execution, decedent’s grandson was in elementary school. Before decedent died, her grandson had completed two years in Syracuse University. With this factual situation, she could well have been satisfied with her will.
The court is aware that in the usual course of events college graduation would be completed before the 25th birthday when the first one third of the corpus would have been paid to her grandson. The court is also aware that graduation from college-after reaching 30 years of age is the exception in the usual course of events. The fact that decedent had distributed the entire corpus at age 30 after graduation from a recognized university provided conditions on marriage were fulfilled, is not the same disposition as terminating the trust at age 30 in the *989 event of failure to graduate. To sustain the request of Joel Harris Kobrin would constitute a rewriting of the decedent’s will without a firm basis upon which to support such a disposition.
It is not necessary at this time, in view of the denial of the request to terminate the trust, to make a determination concerning the ultimate disposition of the corpus. Since this proceeding was begun prior to September 1, 1967, the provisions of SOPA 315 are not applicable and the infants are necessary parties in the event that the corpus were determined to pass as in an intestacy.
Therefore, the trust will continue for the benefit of Joel Harris Kobrin during his lifetime or, in the event that he does graduate from a recognized university, the corpus will be paid to him in accordance with the terms of the will.